# HOUSTON & TEXAS CENT'L R'Y CO. V. FRANK CONRAD.

### IN SUPREME COURT, TYLER TERM, 1884.

*Master and Servant.*—Persons who engage in a given employment assume the risks necessarily incident to that employment.

*Same—Negligence.*—The voluntary use by the servant of an implement which he knows to be an improper one for the work in which he is enaged, is such negligence as will prevent a recovery from the master of damages for injuries occasioned thereby.

Appeal from Limestone county.

It appears in this case that the appellee was injured by a small piece of a cold chisel, on which he was striking with a spike maul, flying off and striking him in the eye. It does not appear that the cold chisel was defective in make, material or temper, but it does appear that even with a proper cold chisel small parts will frequently break and fly off.

The appellee was a blacksmith and accustomed to the use of a cold chisel, and hence as likely, if not more so, than other employes of the appellant to know the danger resulting from the use of a cold chisel in the manner in which it was used.

It is urged that the hammer which he was using was not as suitable for the purpose for which it was used as would have been one with a broader face. This may be true, but the facts in proof forbid the belief that he was ignorant of that fact. He stated that he was a blacksmith, having served an apprenticeship for three years in Europe, and his own witness stated that "a blacksmith who had served as apprentice three years, should know on looking at a spike maul, that it was not a proper instrument to use in striking a chisel. Splinters frequently fly from the head of a chisel." Persons who engage in a given employment assume the risks necessarily incident to that employment, and they cannot shut their eyes to dangers which are apparent, and voluntarily use implements which they know, or by the exercise of the knowledge which they have might know, are not so well adapted to the business in which they are engaged as some other instrument might be, and when injury therefrom results, seek and recover damages for injuries which might have been by them avoided by the exercise of that ordinary care

which is the duty of every one to use. (59 Tex., 19 ; 59 Tex., 10 ; 59 Tex., 255.) The record in this case forbids the conclusion that the appellee did not voluntarily assume the risk of injury from the tools used, and this with a knowledge of their character more ample and accurate than would be that of one who in the course of his business had not acquired a knowledge of the use of such tools.

It is rendered probable that the cutting of bars of railroad iron, cold and away from the shop, was not contemplated by the railway company. A witness for the appellee who had worked in railroad shops for about twenty years made the following statement : "Am a blacksmith; have been so since '49 ; worked blacksmithing for railroads about twenty years ; served as foreman in the Memphis and Charleston railroad and other railroads, and in 1867 in the Texas Central shops, when I worked at that business we never used to cut bar iron cold ; always cut it in the shops hot ; never in my life had a bar of railroad iron cut off cold, away from the shop ; always sent out short pieces of the length required ; I have seen it done, however." If this be the usual course, and the manner expected that employes will pursue, then, the act of appellee and the person with whom he was working was improper, they were guilty of negligence, if they knowingly pursued a more dangerous course unnecessarily. In doing the work in which they were engaged at the time the injury occurred, the appellee and the person who was working with him were fellow-servants.

We are of the opinion that the court below erred in refusing to grant a new trial, and for that reason the judgment is reversed and the cause remanded

Stayton, J.